UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH MAZZEI, on behalf of himself and all others similarly situated,

                      Plaintiff,

                - v. -

THE MONEY STORE, TMS MORTGAGE, INC., AND HOMEQ SERVICING CORP.,

                     Defendants.

Civil Action No. 01-cv-5694 (JGK)

**[PROPOSED] JOINT PRETRIAL ORDER**

Having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the parties adopt the following statements, directions and agreements as the Pretrial Order:

1. <u>TRIAL COUNSEL</u>:

|  |  |
|---|---|
| Plaintiff | **SEEGER WEISS LLP**<br>MOSHE HORNE<br>CHRISTOPHER W. VAN DE KIEFT<br>77 Water Street, 26th Floor<br>New York, NY  10005<br>Telephone:  (212) 584-0700<br>Fax:  (212) 584-0799 |
|  | **SHARMA & DEYOUNG, LLP**<br>NEAL A. DEYOUNG<br>H. RAJAN SHARMA<br>555 Fifth Avenue, 17th Floor<br>New York, NY 10017<br>Telephone: (212) 856-7236 |
|  | **THE LAW OFFICES OF PAUL GROBMAN**<br>PAUL GROBMAN<br>555 Fifth Avenue, 17th Floor<br>New York, NY 10017<br>Telephone:   (212) 983-5880 |
| Defendants | **MCCARTER & ENGLISH, LLP**<br>DANIEL A. POLLACK<br>EDWARD T. MCDERMOTT<br>ANTHONY ZACCARIA<br>MINJI KIM<br>245 Park Avenue<br>New York, NY  10167<br>Telephone:  (212) 609-6800<br>Fax:  (212) 609-6921 |
|  | **CAHILL GORDON & REINDEL LLP**<br>THOMAS J. KAVALER<br>KRISTA A. FRIEDRICH<br>80 Pine Street<br>New York, NY 10005<br>Telephone:  (212) 701-3000<br>Fax: (212) 269-5420 |

2. <u>SUBJECT MATTER JURISDICTION:</u>

   a) **Plaintiff's Position**

The Court has subject matter jurisdiciton over this action based on federal question jurisdiction, 28 U.S.C. § 1331 resulting from Mazzei's assertion of a claim under the Truth in Lending Act, 15 U.S.C. § 1666d and pendent jurisdiction for state law claims.

   b) **Defendants' Position**

Defendants admit that the Court has subject matter jurisdiction as to the claims of the named plaintiff Joseph Mazzei. As to the state law claims of absent class members, Defendants contend that the Court lacks subject matter jurisdiction. The only basis for the original jurisdiction of this Court is federal question jurisdiction under 28 U.S.C. § 1331.  Thus, subject matter jurisdiction exists over the state law claims of the absent class members if their claims are so related to the claim which supports original jurisdiction that they form part of the same case or controversy.  However, that condition is not satisfied.  No federal claim is asserted by the absent class members.  The absent class members' claims are also not related to the federal TILA claim of plaintiff Mazzei (which Plaintiff acknowledges will not be tried).  Accordingly, the state law claims of the absent class members do not form part of the same case or controversy which is the basis for original jurisdiction, and their claims must be dismissed.

3. <u>CLAIMS/DEFENSES:</u>

   a) **Plaintiff's Position**

**A. Claims for Breach of Contract**

   i.   **THE POST-ACCELERATION LATE FEE CLAIM**

        **MAZZEI AND THE CLASS' BREACH OF CONTRACT CLAIM
        BASED ON DEFENDNATS' ASSESSMENT OF LATE FEES
        AFTER ACCELERATION OF A LOAN**

Mazzei and the Class known as the Post-Acceleration Late Fee Class assert that Defendants The Money Store, TMS Mortgage, Inc. and HomEq Servicing, Inc. (hereinafter "the HomEq Defendants" or "The Money Store") breached the terms of the parties' Uniform Note by charging and collecting individual monthly late fees after a borrower's loan fell into default and Defendants exercised their right to accelerate the loan (*i.e.*, rendering the full amount of the loan's outstanding principal and interest immediately due and owing).

Plaintiff asserts that The Money Store assessed at least five monthly late charges against Mazzei's account after his loan was accelerated in March 2000. Under Section 4(a) of Mazzei's Note, Money Store was only permitted to charge a late fee if it did not receive "the full amount of any of [ ] monthly payments by the end of 10 calendar days after the date it is due." Plaintiff asserts that there was no provision in the Plaintiff's Uniform Note which permitted late fees to be charged after the loan was accelerated, at which time a borrower no longer had the right to continue to pay off the loan on a monthly basis.

As this Court has previously found, Plaintiff asserts that the Note executed by the members of the Post-Acceleration Late Fee Class were similar in all material respects, with none containing a provision permitting monthly late fees to be charged for anything other than the failure to pay an individual monthly loan installment. As the Court noted in its decision certifying the Class, the caselaw addressing post-acceleration late fees uniformly prohibits the collection of such fees under the terms of the Uniform Note.

    **ii.   THE SPLIT-FEE CLAIM**

        **MAZZEI AND THE CLASS' BREACH OF CONTRACT CLAIM BASED ON DEFENDANTS' ASSESSMENT OF ATTORNEYS' FEES WHICH WERE SPLIT WITH A NON-LAWYER**

Mazzei and the Split-Fee Class assert that the HomEq Defendants breached the Note by charging attorneys' fees in foreclosure and bankruptcy, which were shared with the non-lawyer Fidelity National Default Solutions and/or its successors and affiliates (hereinafter collectively "Fidelity").

Under Mazzei's Note, Money Store was allowed to recover attorneys' fees from him only to the extent they were "reasonable" and "not prohibited by applicable law." Plaintiff asserts that the sharing of attorney's fees between attorneys and nonlawyers (or "fee-splitting") is expressly forbidden by the rules of professional conduct in all 50 states and the District of Columbia, state public policy, statute and caselaw, and thus "prohibited by applicable law."[1]  Plaintiffs also as-

---

[1] *See* Alabama Rules of Professional Conduct, Rule 5.4(a); Alaska Rules of Professional Conduct, Rule 5.4(a); Arizona Rules of Professional Conduct, ER 5.4(a); Arkansas Disciplinary Rules of Professional Conduct, Rule 5.4(a); California Rule of Professional Responsibility, Rule 1-320; Colorado Rules of Professional Conduct, Rule 5.4(a); Connecticut Rules of Professional Conduct, Rule 5.4(a); Delaware Lawyers' Rules of Professional Conduct, Rule 5.4(a); District of Columbia Rules of Professional Conduct, Rule 5.4(a); Florida Rules of Professional Conduct, Rule 5.4(a); Georgia Rules of Professional Conduct, Rule 5.4(a); Hawaii Rules of Professional Conduct, Rule 5.4(a); Idaho Rules of Professional Conduct, Rule 5.4(a); Illinois Rules of Professional Conduct, Rule 5.4(a); Indiana Rules of Professional Conduct, Rule 5.4(a); Iowa Rules of Professional Conduct, Rule 32:5.4(a); Kansas Rules of Professional Conduct, Rule 5.4(a); Kentucky Rules of Professional Conduct, Rule 5.4(a); Louisiana Rules of Professional Conduct, Rule 5.4(a); Maine Code of Professional Responsibility, Rule 3.12(a); Maryland Lawyers' Rules of Professional Conduct, Rule 5.4(a); Massachusetts Rules of Professional Conduct, Rule 5.4(a); Michigan Rules of Professional Conduct, Rule 5.4(a); Minnesota Rules of Professional Conduct, Rule 5.4(a); Mississippi Rules of Professional Conduct, Rule 5.4(a); Missouri Rules of Professional Conduct, Rule 5.4(a); Montana Rules of Professional Conduct, Rule 5.4(a); Nebraska Rules of Professional Conduct, Rule 5.4(a); Nevada Rules of Professional Conduct, Rule 188[1]; New Hampshire Rules of Professional Conduct, Rule 5.4(a); New Jersey Disciplinary Rules of Professional Conduct, RPC 5.4(a); New Mexico Rules of Professional Conduct, Rule 5.4(a); New York Rule Professional Conduct, Rule 5.4; North Carolina Rules of Professional Conduct, Rule 5.4(a); North Dakota Rules of Professional Conduct, Rule 5.4(a); Oklahoma Rules of Professional Conduct, Rule 5.4(a); Oregon Code of Professional Conduct, Rule 5.4(a); Pennsylvania Disciplinary Rules of Professional Conduct, Rule 5.4(a); Rhode Island Disciplinary Rules of Professional Conduct, Rule 5.4(a); South Carolina Rules of Professional Conduct, Rule 5.4(a); South Dakota Rules of Professional Conduct, Rule 5.4(a); Tennessee Rules of Professional Conduct, Rule 5.4(a); Texas Disciplinary Rules of Professional Conduct, Rule 5.04(a); Utah Rules of Professional Conduct, Rule 5.4(a); Vermont Rules of Professional Conduct, Rule

sert that such fees to Fidelity were misrepresented as "attorneys' fees" and were not "reasonable."

Plaintiff further asserts that the Note executed by the members of the Fee-Split Class were similar in all material respects, with each containing provisions disallowing fees which are not "reasonable" and "prohibited by applicable law."

## B. REMAINING CLAIMS WHICH WILL NOT BE TRIED

Plaintiff Mazzei's Truth in Lending Act, 15 U.S.C. § 1666d, claim.

b) **Defendants' Position**

Plaintiff Joseph Mazzei asserts claims against Defendants The Money Store, Inc., TMS Mortgage, Inc. and HomeEq Servicing Corp. arising out of Defendants' servicing of his residential home equity loan. The only claims certified for trial on a class-wide basis are two claims for breach of contract. In the first breach of contract claim, Plaintiff alleges that Defendants charged late fees after Mazzei's loan (and other borrowers' loans) were accelerated and that this violated the loan agreement. In the second breach of contract claim, Plaintiff alleges that Defendants charged borrowers (including Mazzei) for attorneys' fees which the attorneys illegally split with Fidelity, a non-lawyer, in violation of the borrowers' respective loan agreements.[2] Defendants believe that Plaintiff will not be able to meet his burden of proof as to the elements of either of

---

5.4(a); Virginia Rules of Professional Conduct, Rule 5.4(a); Washington State Rules of Professional Conduct, Rule 5.4(a); West Virginia Rules of Professional Conduct, Rule 5.4(a); Wisconsin Rules of Professional Conduct for Attorneys, Rule 5.4(a); Wyoming Rules of Professional Conduct for Attorneys at Law, Rule 5.4(a).

[2] Plaintiff, in his proposed pretrial order language, attempts to assert an additional claim he has never asserted related to the "reasonableness" of attorneys' fees charged to Mazzei and an alleged misrepresentation that fees paid to Fidelity were misrepresented as attorneys' fees. No class has been sought or certified for any such claim and that claim will not be at issue in this trial.

his breach of contract claims. Defendants may also raise affirmative defenses as indicated in defendants' Answer to the Third Amended and Supplemental Complaint.[3]

In addition to the breach of contract claims, Plaintiff's Third Amended and Supplemental Complaint,[4] asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), The Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and California's unfair business practices statute. This Court dismissed Plaintiff's FDCPA and RESPA claims on December 1, 2004 and April 25, 2008 respectively. The Court denied certification of a class of borrowers for the TILA and California unfair business practices claims.

4. JURY/NON-JURY AND ESTIMATE OF TRIAL TIME:

   a) **Plaintiff's Position**

Plaintiff intends to try these issues before a jury and anticipates that its affirmative case will take approximately 5-10 days.

   b) **Defendants' Position**

Defendants recommend that 9 jurors be selected at the commencement of the trial.[5]

Defendants estimate that the trial of this action will require 5 days, in its entirety. Defendants respectfully submit that the Court should take appropriate steps, such as the setting of time limits for each party, to ensure that the total time available for the trial in this matter is allocated equally between Plaintiff and defendants.

5. TRIAL BY MAGISTRATE JUDGE:

---

[3] Plaintiff mischaracterizes the Court's holding on the certification motion as well as case law pertaining to these claims.

[4] Plaintiff has filed three prior complaints: the Original Complaint, a First Amended Complaint dated August 21, 2001, and a Second Amended Complaint dated July 6, 2002.

[5] Pursuant to Fed. R. Civ. P. 48, Defendants are entitled to a unanimous verdict and Defendants do not stipulate otherwise or waive this right.

The parties have NOT consented to trial of the case by a magistrate judge.

6. UNDISPUTED FACTS

Attached hereto as **Exhibit A** is a statement of all undisputed facts, which are stipulated to be true and as to which proof is accordingly not necessary. The inclusion of facts in this statement shall not be deemed a concession by any party as to the materiality or relevance of those facts.

7. LISTS OF PROSPECTIVE WITNESSES:

Attached hereto as **Exhibit B** are lists of names and contact information of the potential witnesses to be called by the parties at trial.

a) **B-1 – Plaintiff's Witness List.**

Defendants' Objections to Plaintiff's Witness List [6,7]

Defendants object to Plaintiff's inclusion of Linda Garrido and Lori Jo Vincent on Plaintiff's witness list as any testimony Garrido or Vincent could provide would be cumulative and duplicative of the testimony of Joseph Mazzei. Garrido and Vincent are also bringing separate actions against the defendants which are currently pending.

Defendants object to Plaintiff's inclusion of Connie Kohut and Christie Harding on Plaintiff's witness list as any testimony Kohut or Harding could provide would be cumulative and du-

---

[6] As more fully set forth in Defendants' motions *in limine* and/or *Daubert* motions, some or all testimony by certain of Plaintiff's witnesses must be excluded under the Federal Rules of Evidence and/or the Federal Rules of Civil Procedure.

[7] Defendants reserve the right to call any of the individuals listed on Plaintiff's Witness List, dated September 12, 2014, or any rebuttal witnesses as Defendants deem appropriate, whether or not Plaintiff calls those individuals to testify at trial. Defendants reserve the right to amend their objections to Plaintiff's Witness List as necessary based on any amendments Plaintiff makes to his Witness List, Exhibit List, and other pretrial filings, as well as any rulings that the Court may make, including with respect to witnesses, evidence, or *in limine* motions.

plicative of the testimony of Joseph Mazzei.  Moreover, Kohut and Harding were only identified to defendants as potential witnesses after the close of discovery.

Subject to the Court's determinations regarding the pending motions *in limine*, defendants object to Plaintiff's inclusion of Mark Buechner on Plaintiff's witness list as any testimony Mr. Buechner could provide would be irrelevant, cumulative, and duplicative.

    b)    **B-2 – Defendants' Witness List.**[8]

8. <u>EXHIBITS</u>:

Attached hereto as **Exhibit C** are the parties' trial exhibit lists.[9,10]

    a)    **Exhibit C-1 – Plaintiff's Trial Exhibit List, Including Defendants' Objections; and Appendix (C-1A).**[11]

    b)    **Exhibit C-2 – Defendants' Trial Exhibit List, Including Plaintiff's Objections.**

---

[8] Defendants reserve the right to call any witnesses necessary to authenticate documents to which an authentication objection is made, and to testify about such documents.  Plaintiffs object to this reservation.

[9] The inclusion of a document on a party's Exhibit List shall not be deemed to be an admission by that party that such document is relevant or admissible for any particular purpose.

The parties reserve the right to use additional exhibits for purposes of impeachment or rebuttal.

[10] Plaintiff reserves the right to use any exhibit on Defendants' proposed exhibit list filed September 12, 2014 to the extent the Court permits its admissibility.  Plaintiff also reserves the right to assert a foundation objection as to any document for which Defendants do not lay an adequate foundation at trial.

Defendants reserve the right to use any exhibit on Plaintiff's proposed exhibit list filed September 12, 2014 to the extent the Court permits its admissibility.  Defendants also reserve the right to assert a foundation objection as to any document for which Plaintiff does not lay an adequate foundation at trial, whether or not on any party's Exhibit List.

[11] Plaintiff has identified certain documents whose inclusion on Plaintiff's exhibit list depends on the outcome of the pending motion related to spoliation.  Therefore the parties have not addressed or resolved objections to these documents in the meet and confer process.  For the Court's convenience, Plaintiff has listed those documents on a separate Appendix to his Exhibit List (Exhibit C-1A hereto).

Unless otherwise noted in the parties' objections, the parties do not object to the authenticity of documents listed on these Exhibit Lists.

9. <u>SUBSEQUENT AMENDMENT OF WITNESS OR EXHIBIT LISTS</u>

    a)    **Plaintiff's Position**

It is the position of the plaintiffs that both parties reserve the right to challenge admissibility of certain exhibits based on the court's rulings on the parties' pre-trial motions. However, as discovery has been completed, no new witnesses or exhibits should be permitted.

    b)    **Defendants' Position**

Defendants reserve the right to supplement the list of witnesses and the exhibit list within a reasonable time after the rulings on "spoliation" and the motions *in limine* and *Daubert* motions are issued by the Court

10. <u>JURY INSTRUCTIONS:</u>

Plaintiff filed proposed jury instructions on September 12, 2014. Plaintiff filed objections to Defendants' proposed jury instructions on September 24, 2014.

Defendants filed proposed jury instructions on September 12, 2014. Defendants filed objections to Plaintiff's proposed jury instructions on September 24, 2014.

11. <u>DEPOSITION DESIGNATIONS:</u>

Attached hereto as **Exhibit D** are Plaintiff's Deposition Designations, including Defendants' Objections and Counter-designations.

Defendants are of the understanding that Plaintiff Mazzei will testify in person at trial and, on the basis of that understanding, have not designated testimony from Mazzei's deposition transcript here. Plaintiff's counsel has identified Mazzei on Plaintiff's witness list submitted to

the Court on September 12, 2014. Defendants reserve the right to designate portions of Mazzei's deposition in the event that Mazzei does not testify live at trial.

12. <u>VERDICT FORM</u>:

Attached hereto as **Exhibit E** are the parties' proposed Verdict Form (s).[12]

    a)    **Exhibit E-1 – Plaintiff's Proposed Verdict Form**

    b)    **Exhibit E-2 – Defendants' Objections to Plaintiff's Proposed Verdict Form**

    c)    **Exhibit E-3 – Defendants' Proposed Verdict Form**

    d)    **Exhibit E-4 – Plaintiff's Objections to Defendants' Proposed Verdict Form**

IT IS SO ORDERED.

DATED: _____   _____
                                                         THE HONORABLE JOHN G. KOELTL
                                                         UNITED STATES DISTRICT JUDGE

CONSENTED TO:                        SEEGER WEISS LLP
                                                  Moshe Horn
                                                  Christopher M. Van de Kieft

                                                      /s/ Moshe Horn
                                                      Moshe Horn

---

[12] Plaintiff reserves the right to amend his Verdict Form as necessary based on any amendments Defendants make to their Witness List, Exhibit List, and other pretrial filings, as well as any rulings that the Court may make, including with respect to witnesses, evidence, or *in limine* motions.

Defendants reserve the right to amend their Verdict Form as necessary based on any amendments Plaintiff makes to his Witness List, Exhibit List, and other pretrial filings, as well as any rulings that the Court may make, including with respect to witnesses, evidence, or *in limine* motions.

       77 Water Street, 26th Floor
       New York, NY  10005
       Telephone:  (212) 584-0700
       Fax:  (212) 584-0799
       mhorn@seegerweiss.com
       cvandekieft@seegerweiss.com


SHARMA & DEYOUNG LLP
Neal A. DeYoung
H. Rajan Sharma


   /s/ Neal A. DeYoung
     Neal A. DeYoung


555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 856-7236
neal@sharmadeyoung.com
rajan@sharmadeyoung.com


THE LAW OFFICES OF
PAUL GROBMAN
Paul Grobman


   /s/ Paul Grobman
     Paul Grobman

555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone:   (212) 983-5880
grobtown@aol.com


*Attorneys for Plaintiff*


MCCARTER & ENGLISH, LLP
Daniel A. Pollack

Edward T. McDermott
Anthony Zaccaria
Minji Kim


   /s/ Daniel A. Pollack
    Daniel A. Pollack

245 Park Avenue
New York, NY 10167
Telephone: (212) 609-6800
Fax: (212) 609-6921
dpollack@mccarter.com
emcdermott@mccarter.com
azaccaria@mccarter.com
mikim@mccarter.com

CAHILL GORDON &
REINDEL LLP
Thomas J. Kavaler
Krista A. Friedrich


   /s/ Thomas J. Kavaler
    Thomas J. Kavaler

80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000
Fax: (212) 269-5420
tkavaler@cahill.com
kfriedrich@cahill.com


*Attorneys for Defendants*