UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

JOSEPH MAZZEI, ON BEHALF OF HIMSELF
AND ALL OTHER SIMILARLY SITUATED,

                             **Plaintiff,**

         **- against -**

THE MONEY STORE, ET AL.,

                            **Defendants.**
————————————————————————————————

01 Cv. 5694 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

From December 8 to December 19, 2014, the Court held a
trial in this case regarding the plaintiff, Mazzei's two claims
for breach of contract on behalf of himself and two classes of
similarly situated individuals.  Ultimately, the jury found the
defendants liable on one of the two breach of contract claims,
finding that the defendants breached the Note and Deed of Trust
securing Mazzei's home mortgage loan by charging Mazzei monthly
late fees after his loan was accelerated and where he paid off
the loan (the "Late Fee Claim").  The jury awarded Mazzei
$133.80 plus prejudgment interest.  In a separate Opinion and
Order resolving the parties' post-trial motions, the Court
affirmed the jury's verdict as to the individual plaintiff on
the Late Fee Claim, but decertified the Late Fee Class.
Accordingly, judgment should be entered for the individual
plaintiff in the amount awarded by the jury.

Because Mazzei asserted his breach of contract claim under California law, California law controls the determination of prejudgment interest.  See Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 147 (2d Cir. 2008).  Under California Civil Code § 3287(a), the plaintiff may recover prejudgment interest "whenever the amount of money due is liquidated—i.e., when the damages are certain, or capable of being made certain by calculation."  Marine Terminals Corp. v. Paceco, Inc., 193 Cal. Rptr. 687, 689 (1983) (internal quotation marks omitted).  The defendants accelerated Mazzei's loan in March 2000, and assessed Mazzei five late fees of $26.76 each after his loan was accelerated, amounting to $133.80 in post-acceleration late fees, the amount awarded by the jury.  In October 2000, Mazzei received a "Payoff Quote" notifying him of the total charges he was required to pay, and Mazzei paid all of these charges in full on October 17, 2000.  Because Mazzei's payment of $133.80 on that date was an ascertainable sum that he paid in breach of the Note, prejudgment interest should begin accruing from October 17, 2000.  See Schwartz, 539 F.3d at 149-50 (holding that prejudgment interest began accruing when the plaintiff paid a sum in breach of an insurance coverage agreement).

Under the California Constitution and case law, the prejudgment interest rate is 7 percent per annum, unless the legislature has mandated a different rate.  Cal. Const. Art. XV,

2

§ 1; <u>Lund v. Albrecht</u>, 936 F.2d 459, 465 (9th Cir. 1991)

("Subsequent California case law has construed [Article XV, § 1]

to apply to pre- and post-judgment interest alike.").

California Civil Code § 3289 provides that the legal rate of

interest after a breach of contract is 10 percent per annum, but

that section expressly does not apply to "a note secured by a

deed of trust on real property."  Cal. Civ. Code § 3289.

Therefore, the prejudgment interest rate in this case is 7

percent per annum.

Accordingly, the Clerk is directed to enter judgment in

this case for the individual plaintiff Joseph Mazzei in the

amount of $133.80 plus prejudgment interest from October 17,

2000, to the date of judgment, at a rate of 7 percent per annum,

on his breach of contract claim to recover post-acceleration

late fees, to decertify the Late Fee Class, and to dismiss with

prejudice all remaining claims.  The Clerk is also directed to

close this case and all pending motions.


**SO ORDERED.**

**Dated:    New York, New York**
**          May 29, 2015            _____/s/_____**
**                                       John G. Koeltl**
**                                  United States District Judge**

3