UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH MAZZEI, INDIVIDUALLY AND ON
BEHALF OF THE FEE-SPLIT CLASS,    01-cv-5694 (JGK)

                           Plaintiffs,    MEMORANDUM OPINION
                                              AND ORDER
       - against -

THE MONEY STORE, ET AL.,

                           Defendants.

---

JOHN G. KOELTL, District Judge:

The plaintiffs seek reconsideration of the Court's Memorandum Opinion and Order dated June 9, 2022. See Mazzei v. The Money Store, No. 01-cv-5694, 2022 WL 2077970 (S.D.N.Y. June 9, 2022) (the "Opinion"). In the Opinion, this Court denied the plaintiffs' motion for sanctions stemming from the defendants' alleged litigation conduct with respect to the New Invoice System, a database that the plaintiffs claimed contained data that were relevant to their claims. The plaintiffs now argue that the Court's Opinion was erroneous and that, on reconsideration, the Court should grant the plaintiffs' motion for sanctions. For the reasons explained below, the plaintiffs' motion for reconsideration is **denied**.

                                    I.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests

1

of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011).[1] To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). Moreover, the "decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. The Money Store, No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014).

## II.

The Court assumes familiarity with the Opinion and the extensive history of this case, which is recounted in the Opinion and in the Court's Opinion and Order that resolved the parties' post-trial motions. See Mazzei v. The Money Store, 308 F.R.D. 92 (S.D.N.Y. 2015).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

The plaintiffs advance two bases for reconsideration. The plaintiffs contend that the Court erroneously overlooked controlling facts and law when it rejected the plaintiffs' arguments that (1) the defendants violated the Court's discovery orders; and (2) the defendants should be sanctioned pursuant to the Court's inherent authority. The plaintiffs' arguments are without merit.

**A.**

In their motion for sanctions, the plaintiffs argued that the defendants should be sanctioned pursuant to Federal Rule of Civil Procedure 37(b) because newly discovered evidence demonstrated that the defendants violated Magistrate Judge Ellis's July 2014 Order sanctioning the defendants and the Court's November 2014 Order resolving the parties' objections to that order. See Opinion, 2022 WL 2077970, at *6. In the Opinion, the Court rejected that argument and concluded that because the plaintiffs complied with the July 2014 Order and the November 2014 Order, further sanctions for the defendants' conduct relating to the New Invoice System data were not warranted. Id. at *6-7. The plaintiffs now argue that (1) the Court's conclusion was based on erroneous interpretations of the July 2014 Order and the November 2014 Order; (2) in truth, these orders compelled the defendants to obtain the New Invoice System data from Lender Processing Services ("LPS") and to provide this

3

data to the plaintiffs; and (3) because the defendants failed to do so, the defendants violated these Court orders.

The plaintiffs have failed to point to any relevant facts or law that the Court overlooked in the Opinion or that warrant reconsideration of the conclusion that the defendants did not violate the July 2014 Order or the November 2014 Order. As explained in the Opinion, in the July 2014 Order, Magistrate Judge Ellis ordered the defendants to "1) bear the cost of determining whether the New Invoice System data currently in possession of LPS is searchable; [and] 2) pay Mazzei his attorneys' fees for this application." Opinion, 2022 WL 2077970, at *6. In resolving the parties' objections to Magistrate Judge Ellis's July 2014 Order, this Court affirmed these sanctions and rejected the plaintiffs' argument that the defendants should be sanctioned further. The Court of Appeals for the Second Circuit subsequently affirmed this Court's ruling, explaining that:

> Affirming the magistrate judge, the district court ruled that, although the database was in the possession of Fidelity (and its successor) rather than defendants, defendants had the legal and practical ability to obtain access, and should have caused the data to be preserved in the previously accessible form. <u>The district court affirmed the limited sanctions awarded by the magistrate judge: the costs of determining the current accessibility of the data, and attorney's fees and costs for the sanctions motion.</u>
>
> The district court declined to grant additional relief in the form of an adverse inference charge because the court found that the New Invoice System contained only "tangential information" as to the fee-splitting claim: It did not record payment of invoices by defendants, it

4

did not record fees that were charged to members of the class, and it did not contain bills by Fidelity to law firms or payments by law firms to Fidelity. It also found that Mazzei failed to diligently seek discovery of fee-splitting evidence from other obvious sources—sources more likely to evidence what payments were exchanged between Fidelity and the law firms. These findings were not clearly erroneous and supported denial of the motion for an adverse inference.

Mazzei v. The Money Store, 656 F. App'x 558, 559 (2d Cir. 2016) (emphasis added).

The plaintiffs' argument that the July 2014 Order and the November 2014 Order compelled the defendants to obtain the New Invoice System data from LPS and to produce that data to the plaintiffs is irreconcilable with the interpretations of those orders that were adopted by this Court and by the Court of Appeals. Accordingly, the Court's conclusion in the Opinion that there is no basis on which to find that the defendants violated the July 2014 Order or the November 2014 Order was not erroneous and is not inconsistent with any evidence from the Bigsby Action.[2] The plaintiffs' motion for reconsideration on this basis is therefore denied.

**B.**

The plaintiffs next argue that the Court erred in the Opinion by not sanctioning the defendants pursuant to the Court's inherent authority. In the Opinion, the Court concluded

---

[2] Bigsby v. Barclays Capital Real Estate, Inc., No. 14-cv-1398 (S.D.N.Y., filed Mar. 3, 2014).

that sanctions pursuant to the Court's inherent authority were not warranted for several independent reasons. See Opinion, 2022 WL 2077970, at *8-9. Among other things, the Court explained that (1) "the Bigsby Evidence does not establish that the defendants in this action could have easily obtained data from the New Invoice System or that defense counsel's representations about the availability of data relevant to this action were false;" and (2) "sanctions are not warranted for the additional reason that the defendants' conduct with respect to the New Invoice System did not affect materially Mazzei's and the Fee-Split Class's ability to present their claims to the jury." Id. at *9.

The plaintiffs have not identified any controlling facts or law that the Court overlooked in reaching these conclusions. The plaintiffs contend that the Court erroneously failed to recognize that the evidence from the Bigsby Action shows that the defendants had the ability to collect and to produce New Invoice System data relating to the relevant class period in this case. But the Court carefully reviewed the evidence from the Bigsby Action in the Opinion and explained how that evidence did not contradict the defendants' representations in this action regarding the availability of data from the New Invoice System. Id. In their motion for reconsideration, the plaintiffs recycle previously rejected arguments and ultimately fail to

6

point to anything that undermines this conclusion. Specifically, the plaintiffs have still failed to explain persuasively how Black Knight's ability to retrieve certain data in 2019 is a reliable indicator of what LPS's ability was to obtain data relevant to this case years earlier.

Finally, as explained in the Opinion, the Court declined to exercise its discretion to sanction the defendants for the additional reason that the record in this case plainly demonstrates that there was "no basis to believe that evidence from the New Invoice System would have proved any claim with respect to the class." Opinion, 2022 WL 2077970, at *9 (quoting Mazzei, 308 F.R.D. at 100). The Court of Appeals reached a similar conclusion regarding the immateriality of the New Invoice System data to the plaintiffs' claims. Mazzei, 656 F. App'x at 559-60. The plaintiffs have not pointed to any controlling facts or legal authority that demonstrates that the Court's refusal to sanction the defendants further was an improper exercise of the Court's authority or discretion. See, e.g., Yukos Capital S.A.R.L. v. Heldman, 977 F.3d 216, 235 (2d Cir. 2020) ("In the discovery context," the Court's discretion to impose sanctions under its inherent powers "should be exercised with even more restraint than usual.").

For these reasons, the plaintiffs have failed to provide any persuasive reason that warrants reconsideration of any

aspect of the Opinion. Accordingly, the plaintiffs' motion for reconsideration is denied.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not discussed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiffs' motion for reconsideration is **denied**. The Clerk is directed to close all pending motions.

SO ORDERED.

Dated:   New York, New York
         August 5, 2022

                                         John G. Koeltl
                              United States District Judge